- 1 -

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ARTIST PUBLISHING GROUP, LLC dba APG**, a Delaware Limited Liability Company; **FIRST-N-GOLD PUBLISHING, INC.**, a Florida Corporation; **KMA ASSETS I LP**, a Delaware Limited Partnership; **KOBALT MUSIC PUBLISHING AMERICA, INC. dba KMPA**, a Delaware Corporation; **MXM MUSIC AB dba MXM**, a Swedish Limited Liability Company; **NOTTING HILL MUSIC, INC.**, a New York Corporation; and **PRESCRIPTION SONGS, LLC**, a California Limited Liability Company,<br><br>    Plaintiffs,<br><br>    vs.<br><br>**PHILADELPHIA 76ERS, L.P.**, a Delaware Limited Partnership; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No: 1:24-cv-5462-GHW-BCM<br><br>**PLAINTIFFS' RESPONSE TO MOTION TO REOPEN CASE AND VACATE DISMISSAL UNDER FED. R. CIV. P. 60(b)** |

- 1 -

Plaintiffs ARTIST PUBLISHING GROUP, LLC dba APG, FIRST-N-GOLD PUBLISHING, INC., KMA ASSETS I LP, KOBALT MUSIC PUBLISHING AMERICA, INC. dba KMPA, MXM MUSIC AB dba MXM, NOTTING HILL MUSIC, INC. and PRESCRIPTION SONGS, LLC, ("PLAINTIFF(S)") respectfully submit this opposition to the Motion to Reopen Case and Vacate Dismissal filed by Jonna Johnson ("Movant") and demonstrate that the motion must be denied.

To deny Movant's motion, the Court need only answer to questions in the negative.

- Rule 60(b) states, in part, that a "court may relieve a party or a party's legal representative from a final judgment, order, or proceeding ...." Fed.R.Civ.P. 60(b). Thus, does Movant, who is neither a party nor a party's legal representative, have standing to bring a motion to reopen pursuant to Rule 60(b)?
- Rule 60(b) requires a factual showing based on evidence. Can the Court reopen a dismissed case pursuant to Rule 60(b) when Movant failed to present any evidence to support the extraordinary relief requested?

The answer to both questions is no, and the Court can summarily deny Movant's request.

**I. INTRODUCTION**

On July 19, 2024, Plaintiffs filed this case involving the alleged infringing exploitation of copyrighted music owned and administered by Plaintiffs by Defendant PHILADELPHIA 76ERS, L.P. ("Defendant"). Plaintiffs also filed twelve related matters with nearly identical claims against twelve other teams in the National Basketball Association ("NBA"). On April 29, 2025, the parties informed the Court by letter that the case had settled. Dkt. 79. On July 9, 2025, the parties filed a stipulation of voluntary dismissal. Dkt. 89. To be clear, the parties to this litigation consider this matter resolved, and the dismissal final, neither Plaintiffs nor Defendants have indicated a desire or a need to reopen the litigation.

On October 30, 2025, Jonna Johnson, who is not a party to this case, filed a motion to vacate the Court's dismissal order and reopen a case that was settled and dismissed with

- 3 -

prejudice after negotiations between the actual parties. Dkt. 90. The filing by the movant is both procedurally flawed and substantively without merit. She was never a party to this case, has no stake in the settlement, and provides no evidence (no exhibits, affidavits, or documents) to support her false allegations of fraud and misrepresentation. Further, Movant has no contractual privity with any party, nor has she presented evidence of a stake in any of the songs at issue in this litigation.

Movant's motion is an improper attempt by a stranger to the litigation to disturb a final judgment. It should be denied in its entirety.

## II. ARGUMENT

### A. MOVANT LACKS STANDING TO SEEK RULE 60(b) RELIEF

On its face, Rule 60(b) affords relief from judgment only to "a party or its legal representative." Fed.R.Civ.P. 60(b). Under certain circumstances, we have held that a nonparty "sufficiently connected and identified with" an action can obtain relief under Rule 60. *Dunlop v. Pan Am. World Airways, Inc.,* 672 F.2d 1044, 1052 (2d Cir.1982). The non-parties to whom the Court applied this conclusion in *Dunlop* were Pan Am employees suing the airline under state law. They made a Rule 60(b) motion to modify a stipulation of dismissal in a federal case between the Secretary of Labor and Pan Am to clarify that the dismissal did not preclude their state action. See id. at 1047–49. The 2nd Circuit held that "[a]lthough Rule 60(b)(6) would not ordinarily be available to non-parties to modify final judgments, ... on the facts of this case appellants were sufficiently connected and identified with the Secretary's suit to entitle them to standing to invoke Rule 60(b)(6)." *Id*. at 1052 (emphasis added) (footnote omitted).

Only on one other occasion has the 2nd Circuit extended Rule 60(b) to a non-party. *In Grace v. Bank Leumi Trust Co. of New York*, 443 F.3d 180 (2d Cir.2006), we held that [W]here plaintiffs enter into a settlement agreement with a judgment-proof, pro se defendant with the intent at the time of the settlement to collect from a third party that allegedly received fraudulent conveyances, and further, they attempt to use the judgment as a predicate for a fraudulent conveyance action against the third party, the third party is "strongly affected" by the judgment

and entitled to standing to bring a Rule 60(b) motion. *Id.* at 188. As in *Dunlop*, however, the Court limited the holding to the facts of the case. *See id.*

These extensions of Rule 60(b) are so factually cabined that the 2nd Circuit has summarily refused to construe *Dunlop* or *Grace* to reach more broadly. See *Federman v. Artzt*, 339 Fed.Appx. 31, 34 (2d Cir.2009) (summary order) ("Both *Dunlop* and *Grace* involved extraordinary circumstances in which a non-party had interests on which the outcome of the proceedings had significant consequences for the movants, yet those interests had not been adequately represented during litigation, because of the peculiar structure of each case. There is nothing similarly extraordinary about the situation before us.").

Nothing about the instant situation is sufficiently extraordinary to warrant a different conclusion. The Movant lacks standing to seek relief under Rule 60.

Movant cannot dispute that she was never: (1) Named as a plaintiff in the complaint; (2) Served with process; (3) Represented by counsel in this action; (4) A signatory to the settlement agreement; (5) Represented by any of the Plaintiffs or in a contractual relationship with any of the Plaintiffs; (6) Mentioned in any filing or court order; or (7) an artist on any of the songs at issue.

Movant's self-designation as a "plaintiff" or "interested party" is inadequate. Standing is not self-assumed. Without party status, Movant lacks the legal right to pursue Rule 60(b) relief. Allowing non-parties to reopen settled cases would undermine the essential principle of finality in civil litigation.

### B. MOVANT HAS FAILED TO PROVIDE ANY EVIDENCE SUPPORTING RELIEF

Even if Movant had standing (which she does not), her motion fails because she has provided zero evidence to support any ground for Rule 60(b) relief.

Rule 60(b) of the Federal Rules of Civil Procedure provides that:

On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence ...;

(3) fraud ..., misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Movant seeks relief under sections (2), (3), (4), and (6).

"A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The grounds for relief provided for by Rule 60(b) have been construed as mutually exclusive, so that if relief is available under one of the specific provisions of subsections (1) through (5), relief under subsection (6) of Rule 60(b) is inappropriate. *See United States v. Int'l Bhd. of Teamsters,* 247 F.3d 370, 391-92 (2d Cir. 2001), citing *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 863 (1988); *Nemaizer v. Baker,* 793 F.2d 58, 63 (2d Cir. 1986).

A motion for relief under Rule 60(b) is "addressed to the sound discretion of the district court ...." *Nemaizer,* 793 F.2d at 61-62(citing *Griffin v. Swim-Tech Corp.,* 722 F.2d 677, 680 (11th Cir. 1984); *Matter of Emergency Beacon Corp.,* 666 F.2d 754, 760 (2d Cir. 1981)). "Properly applied[,] Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer,* 793 F.2d at 61. "While Rule 60(b) 'should be broadly construed to do substantial justice,' it may be 'invoked only upon a showing of exceptional circumstances.' " *United States v. Manne,* 510 Fed.Appx. 83, 85 (2d Cir. 2013), quoting *Nemaizer,* 793 F.2d at 61).

Before granting a motion for relief under Rule 60(b), courts generally require that the moving party submit "highly convincing" evidence in support of its motion, show good cause for

its failure to act sooner, and show that no undue hardship will be imposed on other parties. *See Kotlicky v. U.S. Fid. & Guar. Co.,* 817 F.2d 6, 9 (2d Cir. 1987); *Lutin Invs., Ltd. v. Nigerian Nat'l Petrol. Corp.,* No. 12cv5191 (SAS), 2016 WL 899319, at *4 (S.D.N.Y. Mar. 2, 2016).

### 1. Rule 60(b)(2) – Newly Discovered Evidence

Federal Rule of Civil Procedure 60(b)(2) permits a court to relieve a party of a final judgment upon a finding of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). To obtain relief under this rule, "[t]he movant must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (quotation omitted).

Movant fails to satisfy a single requirement. Her motion consists of a single purely speculative and conclusory sentence, which states "Documents and forensic data obtained after April 2025 show that copyright registrations and royalty statements referenced in the coordinated actions were based on misattributed works and false chain-of-title declarations."

Movant does not describe the alleged "documents and forensic data" and fails to attach any supporting documents, exhibits, affidavits, or data with her motion. In fact, the motion explicitly states: "No exhibits are attached to this filing." Movant also fails to clarify whether this evidence existed during the time of the settlement and dismissal. She offers no explanation of how or when she supposedly obtained this evidence, what efforts she made, or why it could not have been discovered earlier. Furthermore, Movant does not demonstrate that the so-called "new evidence" is admissible or of such significance that it likely would have affected the case's outcome. Additionally, without indicating what the evidence includes, neither the court nor the Plaintiffs can determine if it is cumulative or impeaching. All assertions are conclusory:

"misattributed works," "false chain-of-title declarations," "misrepresented catalog ownership." Not a single specific fact is alleged. Plaintiffs respectfully request that the court deny Movant's motion under Rule 60(b)(2) for failure to provide "highly convincing" evidence sufficient to justify the relief sought.

### 2. Rule 60(b)(3) – Fraud, Misrepresentation, or Misconduct

Federal Rule of Civil Procedure 60(b)(3) permits a Court to relieve a party of a final judgment in the case of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). The moving party must demonstrate by clear and convincing evidence that the adverse party engaged in fraud, misrepresentation, or other misconduct. *See Fleming v. New York Univ.,* 865 F.2d 478, 484 (2d Cir.1989), *Buxbaum v. Deutsche Bank AG,* 216 F.R.D. 72, 81 (S.D.N.Y.2003). In addition, the moving party must show that "this conduct prevented [the movant] from fully and fairly presenting his case." *Walther v. Maricopa Intern. Inv. Corp.,* 2002 WL 31521078, at *3 (S.D.N.Y. Nov. 12, 2002), quoting *Chnapkova v. Koh,* 1992 WL 203906, at *2 (S.D.N.Y. Aug.7, 1992) (internal quotations omitted). A Rule 60(b)(3) motion cannot serve as an attempt to relitigate the merits. *Fleming,* 865 F.2d at 484.

Movant again fails to provide any affidavits, documents, testimony, or records to establish the alleged fraud. Movant states, "[p]arties to the settlement allegedly withheld authorship information and misrepresented catalog ownership to secure a favorable pro rata settlement distribution, thereby committing fraud upon the Court." However, Movant fails to specify what authorship information was withheld or how it was misrepresented. Additionally, Plaintiffs only represented their own ownership percentages in the works at issue, and third parties with their own ownership interests are not barred from representing those interests as they see fit concerning the claims in this case.

Movant, however, has provided no evidence of any ownership rights in the works at issue, nor has she even claimed to own any part of them. Therefore, it is unclear what she is seeking and for whose benefit. As a result, Movant cannot assert, and has not shown, that any

alleged fraud prevented her from presenting her case fully and fairly.

### 3. Rule 60(b)(4) – Void Judgment

Movant also asserts that the Court's Decision and Order is void under Fed. R. Civ. P. 60(b)(4). Rule 60(b)(4) allows relief when the "judgment is void." Fed. R. Civ. P. 60(b). "A void judgment is a legal nullity." *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 270, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010). "The list of such infirmities is exceedingly short. ... A judgment is not void, for example, simply because it is or may have been erroneous." *Id.* (citations omitted). Rule 60(b)(4) applies only where there is a jurisdictional error or a due process violation that "deprives a party of notice or the opportunity to be heard." *Id.* A judgment is void only if the court lacked subject matter jurisdiction or personal jurisdiction, or if there was a failure of due process.

Movant does not claim there is a jurisdictional flaw in the case or that she was denied notice or a chance to be heard. Movant only states, "Because standing to sue depended on the authenticity of the copyrights asserted, the dismissal was entered under a void premise if ownership was fraudulent ab initio." The Court has jurisdiction under 28 U.S.C. § 1331. See 28 U.S.C. § 1331 (which grants district courts "original jurisdiction [over] all civil actions arising under the Constitution, laws, or treaties of the United States"). Plaintiffs provided copyright registrations for all the copyrights claimed in this case, and no party ultimately challenged their authenticity or validity. Movant has not provided any grounds to claim that the ownership of the copyrights in this case was fraudulent.

Movant puts forth no evidence that the Court dismissal was entered due to a "void premise." Movant's conclusory claims are not sufficient to make a showing under Rule 60(b)(4).

### 4. Rule 60(b)(6) – Any Other Reason

Finally, under Rule 60(b)(6), a court may vacate a judgment or order "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) "allows courts to vacate judgments whenever necessary to accomplish justice, although such relief should be granted only in extraordinary circumstances." *Aczel v. Labonia,* 584 F.3d 52, 61 (2d Cir.

2009) (citing *Liljeberg v. Health Serv. Acquisition Corp.,* 486 U.S. 847, 863 (1988)).

"Extraordinary circumstances will be found if and only if, without such relief, an extreme and unexpected hardship would occur," and, in the context of a Rule 60(b)(6) motion premised on the breach of a settlement agreement, "such a showing cannot be made where [a party] may file a separate action on the settlement agreement itself." *Supervalu, Inc. v. Ectaco, Inc.,* No. 10cv5267 (RLM), 2011 WL 3625567, at *2 (E.D.N.Y. Aug. 12, 2011) (internal quotations omitted)

Rule 60(b)(6) is reserved for "extraordinary circumstances" and is available only when the reason for relief does not fit within Rules 60(b)(1)-(5).

Here, there is no reason for relief within Rules 60(b)(1)-(5), but there are no "extraordinary circumstances" to warrant relief under Rule 60(b)(6). Movant relies only on the non-sensical position that "The extraordinary public-interest nature of this case—linking private music-publishing control to publicly funded sports franchises—warrants judicial review to prevent ongoing harm and preserve confidence in the judicial process." There is no authority to suggest that a case being of public interest is sufficient to meet the high standards for relief under Rule 60(b)(6). Further, Movant does not present a position why she would suffer extreme or unexpected hardship if the relief requested is not granted.

Movant's allegations, even if true, describe ordinary copyright ownership disputes. A matter that should have been litigated during the case, or may be the subject of another case, but certainly does not warrant re-litigating this case between two parties who reached a mutually agreed upon resolution at the behest of a third-party with no connection to either side.

### IV. CONCLUSION

For the reasons delineated above, Plaintiffs respectfully request that the Court Deny Movant's motion in its entirety.

DATED: November 12, 2025                    JOHNSON & JOHNSON LLP

                                                                    By     /s/ Frank R. Trechsel

                                                        JOHNSON & JOHNSON LLP
                                                        Douglas L. Johnson
                                                        Frank R. Trechsel
                                                        439 N. Canon Dr. Suite 200
                                                        Beverly Hills, California 90210
                                                        Telephone: (310) 975-1080
                                                        Facsimile: (310) 975-1095
                                                      Email:  djohnson@jjllplaw.com
                                                                 ftrechsel@jjllplaw.com

PLAINTIFFS' RESPONSE TO MOTION TO REOPEN CASE AND VACATE DISMISSAL UNDER FED. R. CIV. P. 60(b)

## WORD-COUNT CERTIFICATION

Pursuant to Local Civil Rule 7.1(c), undersigned counsel hereby certifies that the foregoing Response to Jonna Johnson's Motion to Reopen Case and Vacate Dismissal complies with the word-count limitations in the Rule and contains 2,751 words.

*/s/ Frank R. Trechsel*
Frank R. Trechsel

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California by JOHNSON & JOHNSON LLP, and am over the age of 18 and not a party to the within action. My business address is 439 N. Canon Drive, Suite 200, Beverly Hills, California 90210.

I hereby certify that a true and complete copy of the foregoing **PLAINTIFFS' RESPONSE TO MOTION TO REOPEN CASE AND VACATE DISMISSAL UNDER FED. R. CIV. P. 60(b)** have been served through the NYSD ECF system on counsel for Defendant and on Jonna Johnson through her email address:

Jonna Johnson
TheStartagainpublishing@gmail.com

I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed November 12, 2025, at Beverly Hills, California.

　　　　　　　　　　　　　　　　　　　　_____/s/Viktoriya Cassis_____
　　　　　　　　　　　　　　　　　　　　　　　　Viktoriya Cassis